837 F.2d 1098
 9 ITRD 2024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LENOX, INCORPORATED, Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
and
Star Leather Products Co., Ltd., Intervenor.
 No. 87-1370.
 United States Court of Appeals, Federal Circuit.
 Dec. 24, 1987.
 
 Before EDWARD S. SMITH, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 Lenox, Inc. (Lenox), appeals the decision of the International Trade Commission (ITC) affirming the administrative law judge's (ALJ) conclusion of no violation of section 337 of the Tariff Act of 1930, 19 U.S.C. Sec. 1337 (1982 & Supp. III 1985). We affirm.
 
 OPINION
 
 2
 Lenox contends the ITC erred in discounting testimony by its witnesses and a consumer recognition survey which it submitted. The ITC explained very carefully its reasons for discounting the testimony of each witness. The ITC noted the interest of some of the witnesses and the equivocal nature of certain testimony. The survey was rejected because the questions tended to suggest a response, and procedures needed to ensure objectivity in the survey were not used. Lenox has failed to show that these findings were not supported by substantial evidence.
 
 
 3
 Lenox also argues that the ITC erroneously required it to identify the features which make up the overall appearance of the marks. However, in order to have a mark, it must be identified, and Lenox's witnesses could not do this. The ITC recognized that overall appearance could constitute a protectable mark; but, the inability of Lenox's own witnesses to identify the features of its mark led the ITC to find that the marks were weak. Lenox has not shown this finding to be unsupported by substantial evidence.
 
 
 4
 Star Leather Products, Inc. (Starco), argues that Lenox is attempting to use its marks to prevent Starco from copying products which were protected by a patent, now expired, in violation of the Sears/Compco doctrine. Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225 (1964), Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234 (1964). The ALJ found that Sears/Compco would not prohibit Lenox from obtaining common law trademark protection because those cases did not deal with protection under section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125 (1982). It is true that the Sears/Compco doctrine does not prevent Lenox from claiming trademark protection, but not for the reason given by the ALJ. The patent covered the handle and lock, and, when it expired, anyone was free to copy those items. But Lenox is not claiming a trademark in the lock and handle; rather, it claims a trademark in the overall appearance of its luggage, which includes more than just the handle and lock. However, this error by the ALJ does not help Lenox's appeal because it does not affect the substantial evidence supporting the findings of the ITC. Therefore, we affirm the decision of the ITC.